# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

KATHERINE GEORGOPOLOUS, individually and
on behalf of all others similarly situated,

    *Plaintiff*,

vs.

LEAFFILTER NORTH, LLC d/b/a LEAFFILTER
GUTTER PROTECTION,

    *Defendant*.

_____/

CIVIL ACTION

Case No.

COMPLAINT – CLASS ACTION

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

1.    Plaintiff Katherine Georgopolous brings this action against Defendant LEAFFILTER NORTH, LLC d/b/a LEAFFILTER GUTTER PROTECTION, to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2.    This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").

3.    This case arises from Defendant's transmission of prerecorded messages to the cellular telephones of Plaintiff and others, without regard to consumers' consent.

4.    Defendant is a home gutter company which specializes in the sale of and installation of gutter protection systems. To deliver its services and increase its revenue, Defendant engages in unsolicited telemarketing, with no regard for consumers' privacy rights, harming thousands of consumers in the process.

5.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6.      Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

7.      Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant's headquarters are located in this District, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services from within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.  Further, Defendant's tortious conduct against Plaintiff occurred from within the State of Ohio and, on information and belief, Defendant has sent the same prerecorded messages complained of by Plaintiff to other individuals from within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Ohio.

## PARTIES

8.      Plaintiff is a natural person who, at all times relevant to this action, was a resident of and domiciled in Allegheny County, Pennsylvania.

9.      Defendant is an Ohio corporation whose principal office is located in 1595 Georgetown Road, Hudson OH 44326. Defendant directs, markets, and provides its business activities throughout the State of Ohio.

## THE TCPA

10.      The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

11.      The TCPA exists to prevent communications like the ones described within this Complaint.  "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

12.      In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

13.      The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.  *Rules and Regulations Implementing the Telephone*

*Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

14.     In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express **written** consent" for such calls to wireless numbers.  *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

15.     To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

16.     The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).  In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

17.     "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id*. (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

18.     "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); *In re Rules and Regulations*

*Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

19.     The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA.  *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future*.  *Id.*

20.     In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA.  *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

21.     If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent.  *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

22.     As held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'"  *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## FACTS

23.     Beginning in at least 2024 and continuing through 2025, Defendant began causing calls with a prerecorded message to be transmitted to Plaintiff's cellular telephone number ending in 9745 (the "9745 Number"). Plaintiff estimates that she received dozens of calls, from various telephone numbers used by Defendant.

24.     Because Plaintiff did not answer her telephone after it rang, a voicemail containing a prerecorded message was left on Plaintiff's phone each time.

25.     The following are several example transcripts of Defendant's voicemail that were left in Plaintiff's voicemail box:





**2:13**

< Voicemail

**+1 (878) 265-0034**
California, PA
December 8, 2024 at 7:37 PM

0:00 ━━━━━━━━━━━━━━━━━━ −0:34

Transcription

"Hello, this is Rachel from Lee filter, gutter protection, calling to schedule your free estimate. Our local team of pros are expertly trained and looking forward to providing you with full service treatment and our industry leading gutter protection system to schedule your free estimate. Please call us at 1-800-290-6106. If you reside in the US or call us at 844-211-4281 if you reside in Canada if you'd like to be placed on our do not call list please call 877-308-0811. Thank you and have a great…"

Was this transcription useful or not useful?

**2:13**

< Voicemail

**+1 (878) 265-0029**
California, PA
December 20, 2024 at 7:59 PM

0:00 ━━━━━━━━━━━━━━━━━━ −0:35

Transcription

"Hello, this is Rachel from Lee filter, gutter protection, calling to schedule your free estimate. Our local team of pros are expertly trained and looking forward to providing you with full service treatment and our industry leading gutter protection system to schedule your free estimate. Please call us at 1-800-290-6106. If you reside in the US or call us at 844-211-4281 if you reside in Canada if you'd like to be placed on our do not call list please call 877-308-0811. Thank you and have a great…"

Was this transcription useful or not useful?

 Favorites   Recents   Contacts   Keypad   Voicemail

 Favorites   Recents   Contacts   Keypad   Voicemail

2:13



‹ Voicemail

**+1 (878) 265-0038**
California, PA
January 10, 2025 at 3:44 PM

0:00                                                    −0:34

**Transcription**

"Hello this is Rachel from Lee filter gutter
protection calling to schedule your free
estimate our local team of pros are expertly
trained and looking forward to providing you
with full service treatment and our industry
leading gutter protection system to schedule
your free estimate please call us at
1-800-290-6106 if you reside in the US or
call us at 844-211-4281 if you reside in
Canada if you'd like to be placed on our do
not call list please call 877-308-0811 thank
you and have a great day…"

Was this transcription useful or not useful?



Favorites    Recents    Contacts    Keypad    Voicemail

26.    The prerecorded calls Plaintiff received originated from telephone numbers (878)-220-4451, (878)-265-0036, (878)-265-0034, (878)-265-0029, and at least (878)-265-0038 telephone numbers owned and/or operated by or on behalf of Defendant.

27.    Upon information and belief, Defendant is subscriber for the telephone numbers which transmitted the prerecorded message to Plaintiff, (878)-220-4451, (878)-265-0036, (878)-265-0034, (878)-265-0029, and at least (878)-265-0038.

28.    Defendant caused multiple voicemails with the exact or substantially identical message to be transmitted to Plaintiff's cellular phone.

29.    The prerecorded calls at issue, which were left as voicemails, were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

30.    When Plaintiff listened to the voicemails she was easily able to determine that it was a prerecorded message. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

31.    Defendant's prerecorded calls constitute telemarketing because they encourage the future purchase or investment in property, goods, and/or services, i.e., requesting that Plaintiff contact Defendant regarding gutter products and services.

32.    Defendant sent or caused to be sent the prerecorded voice calls from within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this judicial district.

33.     At no point in time did Plaintiff provide Defendant with her express consent to be contacted with a prerecorded call.

34.     Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's cellular telephone with marketing text messages.

35.     Plaintiff has no existing business relationship with Defendant.

36.     Plaintiff is the subscriber and sole user of the 9745 Number and is financially responsible for phone service to the 9745 Number.

37.     Plaintiff's 9745 Number is her residential telephone number used for personal purposes. Plaintiff's 1554 Number is her primary way of being contacted in her home.

38.     Plaintiff registered her 9745 Number with the national do-not-call registry on July 9, 2018, and has been registered at all times relevant to this action.

39.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

40.     Defendant's unsolicited prerecorded call caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. *See Patriotic Veterans, Inc. v. Zoeller,* No. 16- 2059, 2017 WL 25482, at *2 (7th Cir. Jan. 3, 2017) ("Every call uses some of the phone owner's time and mental energy, both of which are precious.").

41.     Defendant's unsolicited voice messages caused Plaintiff actual harm.  Specifically, Plaintiff estimates that she has wasted five minutes reviewing all of Defendant's unwanted messages.

42.     Furthermore, Defendant's voice messages took up memory on Plaintiff's cellular phone. The cumulative effect of unsolicited voice messages like Defendant's poses a real risk of ultimately rendering the phone unusable for voice messaging purposes as a result of the phone's memory being taken up.

43.     Defendant's voice messages also can slow cell phone performance by taking up space on the recipient phone's memory.

## CLASS ALLEGATIONS

## PROPOSED CLASS

44.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

45.     Plaintiff brings this case on behalf of the following Classes defined below:

> **Prerecorded Voice Call Class: All persons in the United States who, within four years prior to the filing of this action through the date of class certification, were sent a prerecorded voice call on their cellular telephone regarding or related to Defendant's property, goods, and/or services.**

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

46.     Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Class members number in the several thousands, if not more.

## NUMEROSITY

47.     Upon information and belief, Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent and who are registered on the Do Not Call registry. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

48.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

49.     There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Class are:

(1) Whether Defendant made non-emergency prerecorded telemarketing calls to Plaintiff's and Class members' cellular telephones;

(2) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

(3) Whether Defendant violated 47 C.F.R. § 64.1200(c)

(4) Whether Defendant's conduct was knowing and willful;

(5) Whether Defendant is liable for damages, and the amount of such damages; and

(6) Whether Defendant should be enjoined from such conduct in the future.

50.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

51.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**ADEQUACY**

52.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

53.     In addition, Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, including those involving violations of the TCPA. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other respective members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to those of the other members of the Classes.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

54.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Classes are economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

55.     The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.

Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA**
**(On Behalf of Plaintiff and the Prerecorded Voice Call Class)**

56.     Plaintiff re-alleges and incorporates paragraphs 1-55 as if fully set forth herein.

57.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

58.     Defendant – or third parties directed by Defendant – transmitted calls using an artificial or prerecorded voice to the cellular telephone numbers of Plaintiff and members of the putative class.

59.     These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

60.     Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

61.     Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

62.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id.*

63.     Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their cellular telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

**COUNT II**
**Knowing and/or Willful Violation of the TCPA**
**(On Behalf of Plaintiffs and the Prerecorded Voice Call Class)**

64.     Plaintiff re-allege and incorporates paragraphs 1-55 as if fully set forth herein.

65.     At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

66.     Defendant knew that it did not have prior express consent to transmit artificial or prerecorded voice calls, and knew or should have known that its conduct was a violation of the TCPA.

67.     Because Defendant knew or should have known that Plaintiffs and Class Members had not given prior express consent to receive its prerecorded calls, the Court should treble the amount of statutory damages available to Plaintiffs and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

68.     As a result of Defendant's violations, Plaintiffs and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III
### Violation of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

69.     Plaintiff repeats and realleges the paragraphs 1 through 55 of this Complaint and incorporates them by reference herein.

70.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

71.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

72.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

73.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

74.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

75.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

76.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**WHEREFORE**, Plaintiff Katherine Georgopolous on behalf of herself and the other members of the Class, pray for the following relief:

a.   A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b.   An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers assigned to cellular telephones without the prior express permission of the called party;

c.   An award of actual and statutory damages; and

d.   Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: March 14, 2025

Respectfully Submitted,

**Shamis & Gentile, P.A.**
/s/ Andrew J. Shamis
Andrew J. Shamis, Esq.
Ohio Bar No. 100846
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Class*